Decree affirmed, and appeal dismissed at the cost of the appellant.

---

## APPEAL OF JOHN F. TAYLOR.
## (ESTATE OF REBECCA FAWKES.)

APPEAL FROM THE DECREE OF THE ORPHANS' COURT OF DELAWARE COUNTY.

Argued February 8, 1888—Decided March 19, 1888.

1. When, in partition proceedings, the real estate of a decedent is to be exposed to sale, the Orphans' Court is required to issue the order of sale to the executor or administrator, unless there are no executors or administrators, or, they neglect or refuse to execute the order: § 44, act February 24, 1834, P. L. 81.
2. The appointment of a stranger as trustee to execute such an order, upon personal objections to an executor of the decedent, denied by him and shown to be without merit, he being in court and tendering sufficient sureties, was a clear disregard of the statutory provision.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 183 July Term 1887, Sup. Ct.

On December 6, 1886, upon the petition of Ann Dickinson, a daughter and devisee of Rebecca Fawkes, proceedings were

begun for the partition of certain lands, the real estate of said Rebecca Fawkes, who had died on or about March 20, 1855, leaving a will, by which she had devised the lands in question to her daughter Sarah. Fawkes for life, remainder to her other daughters and the children of such as might have died. John F. Taylor and James Lewis were constituted the executors of said will. Mr. Lewis had been dead for several years.

The proceedings for partition had so advanced that on the return of the usual rule upon heirs and parties interested, on June 20, 1887, all declined to accept or bid upon any part of the real estate, when the petitioner's counsel moved that an order of sale be issued to John F. Taylor, the surviving executor. Thereupon L. Morris Lewis and others, distributees representing more than one half of said estate, filed a petition protesting against the issuance of the order of sale to Mr. Taylor, upon the grounds, that, as shown by the records of the office of the register of wills, the said Taylor in the matter of certain trusts committed to his care, and which were specified, had not rendered his accounts in reasonable and proper times; that said Taylor was quite an old man and was not one of the distributees of the partitioned estate; praying the court to appoint James L. Williamson trustee, to make sale of said lands.

On June 22, 1887, John F. Taylor filed an answer to the foregoing petition, admitting that the averments thereof were true in words, but showing that in all the estates specified and which had been committed to his care, he was the sole distributee, and he alone was interested in having the accounts thereof filed; at the same time presenting his petition that the order of sale be directed to himself as trustee, tendering sufficient bond for the approval of the court. The same day, on hearing, the court, CLAYTON, P. J., made a decree appointing Milton Lewis trustee to make sale, and entered the necessary formal decree to that effect. Thereupon, John F. Taylor took this appeal, assigning said decree as error:

*Mr. John M. Broomall*, for the appellant:

Section 42, act of March 29, 1832, P. L. 203, provided that on the return of the rule, etc., the court might make a decree authorizing and requiring the executors or administrators to expose the real estate to sale, but made no provision for the ab-

sence or the neglect or refusal of the executors or administrators to act, relying perhaps in such case on the raising of an administration de bonis non. But this provision was supplied by § 44, act of February 24, 1834, authorizing in case of such absence, neglect or refusal, the appointment "of some suitable person to act as trustee." Plainly the power to appoint a person other than the executor or administrator is limited to the two cases specified, (a) the neglect or refusal, (b) the want, of an executor or administrator: 1 Rhone, O. C. Pr., 135; Neeld's App., 70 Pa. 113; Pyle's App., 1 Penny. 71; Snyder's App., 36 Pa. 166.

*Mr. Isaac Johnson*, for the appellees:

The whole question in this case is, has there been a palpable and gross abuse of discretion exercised by the court below? That the circumstances presented were sufficient to control the mind of the court is quite plain, and every presumption is in favor of the proper exercise of its discretion. Pyle's App., 1 Penny. 71, affirmed here, was an analogous case.

OPINION, MR. JUSTICE GREEN:

The 44th section of the act of 1834, P. L. 81, provides as follows: "Whenever any real estate shall be ordered to be sold under proceedings in partition, the Orphans' Court are hereby authorized and required, in case of the neglect or refusal of the executors or administrators to execute such order, or in case there be no executors or administrators, to appoint some suitable person trustee for the purpose of making such sale." By the 42d section of the act of 1832, P. L. 203, it was provided that the court may on due proof of notice "to all persons interested make a decree authorizing and requiring the executors or administrators, as the case may be, to expose such real estate to public sale at such time and place and on such terms as the court may decree."

It is perfectly clear that in the first instance if there are either executors or administrators, in cases of proceedings in partition in the Orphans' Court, it is the duty of the court to appoint them to execute the order of sale. As the act of 1832 made no provision for the cases in which there were no executors or administrators, or in case of their neglect or refusal,

the 44th section of the act of 1834 was passed to correct the deficiency in the legislation. Under these acts it is not to be questioned, that if there were either executors or administrators, they were entitled to the appointment, and such has been the uniform practice and the clear understanding of the bench and bar throughout the commonwealth. That such has been the understanding of this court is quite plain. Thus we said in Snyder's Appeal, 36 Pa. 169, STRONG, J.: "And if the property be not accepted at the valuation, to whom is the order of sale to be committed, to the personal representatives of the father or mother? To one or the other it must be, for it can only be made to a trustee where there is no executor or administrator or when such personal representative refuses to act." And in Neeld's Appeal, 70 Pa. 117, SHARSWOOD, J., said: "Whether the executor or administrator of the estate of a decedent has neglected or refused to execute the order of sale in partition so as to authorize the court, under the 44th section of the act of February 24, 1834, to appoint some suitable person as trustee for the purpose of making such sale, evidently falls within this category." In this latter case we held that the appointment was largely within the discretion of the Orphans' Court, and that we would not interfere with that discretion unless in case of its palpable violation.

In the present case the appellant, by his counsel, applied, at the return of the rule on the heirs and the refusal of all to accept, to have the order of sale issued to him. Some of the heirs opposed the granting of the order to him, and filed a paper presenting certain objections to the appointment of the appellant. Thereupon the appellant filed an answer fully responding to the objections and showing them to be without the slightest merit.

The appellant was then clearly entitled to the appointment, as he was the sole executor of the last will of the decedent, there being no cause for his rejection. The appellant presented a petition to the court setting forth the facts of the partition proceedings, and that it had become necessary to issue an order of sale, and praying that such order might be issued to him, he being the sole surviving executor of the decedent and having his sureties ready in court to enter into a bond for the full amount required. But the court refused to grant him the

order, and appointed a stranger whose appointment was not asked for by any of the heirs.

In this situation of the record all the facts appear before us and we are not obliged to concede anything to the undisclosed discretion of the court. The appointment of any person other than the appellant, in the circumstances which appear of record, was a clear disregard of a positive statutory provision, and it must therefore be treated as a palpable and gross violation of the discretion intrusted to the court, within the meaning of our decisions on that subject. There was no reason whatever why the order of sale should not be issued to the appellant. He came clearly within the provisions of the law which declares to whom the order shall be granted, and he therefore had a statutory title to the appointment. The circumstances did not exist which would authorize the court to go outside the personal representatives of the decedent in appointing a trustee, and hence the appointment of such a person was without legal authority.

> The decree of the court below, appointing Milton Lewis trustee to execute the order of sale, is reversed at the cost of the appellees, and it is ordered that the order of sale be granted to the appellant upon his filing the proper bond.