[No. 1068, January 20, 1905.]

MARIE, otherwise known as KADOOJ KOURY, Relator, MARCOS CASTILLO, Probate Judge, etc. et al., Respondents.

### SYLLABUS.

1. Section 928, Comp. Laws of 1897, Sections 6, 8, of Chap. 81, Laws of 1901, interpreted.

2. A probate court has power to re-examine the facts upon which an administratrix has been appointed and to remove her if she be not entitled to such administration.

3. A writ of prohibition properly issues against an officer appointed by the probate court as "superintendent" of an estate to prevent him from acting as such, the appointment being void for want of jurisdiction.

### ON WRIT OF PROHIBITION.

N. B. LAUGHLIN and R. H. HANNA, for relator.

A. B. RENEHAN and CATRON & GORTNER, for respondents.

### OPINION OF THE COURT.

PARKER, J.—This is a writ of prohibition directed to Marcos Castillo, probate judge of Santa Fe county, and the other respondents whose relation to the case will appear. It appears from the record that the relator, claiming to be the widow of John Koury, deceased, was appointed administrator of the said estate by the said probate court and was duly qualified as such; that thereafter the respondent, Michael Koury, a brother of the deceased, filed a petition in said probate court for the removal of the relator as such administratrix and for the appointment of the respondent, Patrocinio Lopez, as administrator of said estate; that said petition was set down for hearing on the afternoon of the same day in which it was filed; that at the time set for the hearing the relator appeared by

Koury v. Castillo.

counsel and moved for a continuance of the cause which was granted; that thereupon the said court, of its own motion appointed the respondent, Lopez, as "superintendent" of said estate with right of access at all times to the store where the property of the said estate was situated, subject only to the order of the court, until the further order of the court; that the respondent, Marcos Castillo, ceased to be the probate judge of Santa Fe county on December 31st, 1904, by expiration of his term of office; that the relator appeared specially at the time set for the said hearing and although asking for a continuance of the said hearing gave notice of her intention to question the jurisdiction of the said court to hear and determine said cause; and that upon the continuance of said hearing the relator sued out this writ. Upon this record few questions arise for discussion. It may be assumed that the writ is to be discharged as to the respondent, Marcos Castillo, he having gone out of office. But relator urges two propositions which will be considered.

Relator presents the proposition that the power to remove an administrator has been taken away from the probate courts and vested in the district courts. Aside from the question as to whether it would be competent for the legislature to do so, we can not conclude that it has attempted to accomplish that result. The general power of removal of administrators is vested in the probate courts by Section 928 of the Comp. Laws of 1897, Sec. 6, of Chap. 81, of the Laws of 1901, authorizes the district court to remove administrators for certain specified causes therein mentioned, and Section 8, of the same act, authorizes probate courts to remove for the same causes. The causes mentioned are, Any "administrator who has become of unsound mind, or been convicted of any felony, or a misdemeanor involving moral turpitude, or who has, in any way been unfaithful to or neglected his trust, to the probable loss of the applicant" for such removal. These causes evidently do not cover all the grounds of removal of an administrator. The case at bar furnishes an example which does not fall within the terms of these specified grounds. The removal in this case is sought on the ground that the administratrix is not in fact the widow

of the deceased and hence not entitled to the preference right to administer upon the estate. Simple incompetency, unaccompanied by unfaithfulness or neglect, would seem not to fall within the terms of the statute. It is argued by relator that the probate court, having once acted and determined that the relator was entitled to letters of administration as the widow, no longer has jurisdiction and that the judgment can only be corrected on appeal. We can see no foundation for such a conclusion. While the appointment or removal of an administrator is a final judgment in the sense that it is appealable, it is in no sense a finality so far as the estate is concerned. We do not understand how the probate court is precluded from a reinvestigation of the facts upon which letters have been granted. If so, the variest imposter may obtain letters and, after the period for appeal has elapsed, remain securely in office to which he has no right, with no court having power to remove him. Such is not the law, Sec. 2. Woener on Law of Administration, prg. 571, Sec. 268; 11 A. & E. Ency. Law (2nd Ed.) p. 818, 819.

It is further contended that by reason of the fact that no formal citation was had upon relator to appear and show cause why she should not be removed, as is required by Sec. 8 of the Laws of 1901, supra, the probate court had no jurisdiction. We do not so conclude. It is true that the hearing was set for the afternoon of the same day the petition was filed and that relator had but a few hours within which to prepare for such hearing, still, upon her application, the hearing was continued, and there is nothing in the record to disclose that she had been or was to be taken advantage of in any way. The law, if indeed the requirements of Sec. 8, Laws of 1901, supra, have any application to a case of this kind, contains no specification as to the time notice shall be given, and if the party concerned has an opportunity to appear and assert his rights, it seems that no wrong has been done.

Relator urges that the appointment of the respondent, Patrocinio Lopez, as "superintendent" of the said estate is void for want of jurisdiction. Respondents disclaim any interest in or responsibility for the appointment but suggest that the same was perhaps authorized by

Sec. 8, Laws of 1901, supra, which directs that the probate court shall exercise a supervisory control over administrators. In this suggestion we can not concur. It is of course true, even without statutory provision, that the probate court, charged with the administration of the estates of deceased persons, must exercise a supervisory control over its representatives. This is accomplished by means of inspection of the reports, or orders directing the acts, of the administrators. A supervisory control by means of a personal and irresponsible, so far as having given security for his conduct is concerned, agent of the judge of the probate court is a proceeding unknown to the law. The estate must be turned over to the officer known to the law who is required to give security for his acts. If the administrator be guilty of misconduct, he is to be removed and another substituted. The probate court has no agent or representative except the administrator. It seems clear, therefore, that the action of the court in appointing the respondent, Lopez, as "superintendent" was wholly unauthorized by law and consequently void. Lopez, being the appointee of the court, rather than the judge, as such, his appointment continues in force, notwithstanding the change in the personnel of the court, and may well be prohibited from acting under his void appointment. It follows from the foregoing that the writ must be discharged as to all the respondents except Patrocinio Lopez, and as to him that the same should be made absolute, and it is so ordered.

William J. Mills, C. J., John R. McFie, A. J., Wm. H. Pope, A. J., concur.

Mann, A. J., did not sit nor participate in this decision.