## RIEGEL v. PUBLIC UTILITIES COMMISSION OF DISTRICT OF COLUMBIA.
### No. 5037.

Court of Appeals of District of Columbia.
Argued March 4, 1931.
Decided April 6, 1931.
Petition for Rehearing Denied April 25, 1931.

E. C. Riegel, pro se.

R. E. Lynch and Wm. A. Roberts, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This is an appeal from a decree of the Supreme Court of the District dismissing the bill of complaint.

The suit was begun for the purpose of having declared unlawful an order of the Public Utilities Commission of the District of Columbia authorizing and approving the rules and practice of certain of the utilities companies operating in the District in requiring a small deposit from customers who were not able to establish financial responsibility when applying for service.

The order is challenged on the ground that the rule is discriminatory and therefore contrary to certain sections of the law creating the Public Utilities Commission (37 Stats. 974 [D. C. Code 1930, T. 26, § 1 et seq.]). We think this contention wholly without merit. The only purpose of the rule is to assure payment by the customer or subscriber for the service which he gets. This the utility, like any other business organization, has a right to demand in advance if it wishes (Southwestern Telegraph & Telephone Co. v. Danaher, 238 U. S. 482, 35 S. Ct. 886, 59 L. Ed. 1419, L. R. A. 1916A, 1208; Vaught v. East Tenn. Telephone Co., 123 Tenn. 318, 130 S. W. 1050, 31 L. R. A. (N. S.) 315, Ann. Cas. 1912C, 132), or, if it should not, to impose reasonable conditions as a basis of credit. If the customer meets the conditions, he receives the service in advance of payment. If he neglects or refuses to do so, he is required to deposit with the company the ordinary equivalent of the anticipated cost for one or two months, and, while the deposit remains in the hands of the company, interest at 5 per cent. in one case and 6 per cent. in another is allowed and paid, and, when the service is terminated, the deposit and interest is applied to the final indebtedness or refunded, as the case may be, and, since there is no claim that the rule is not impartially enforced, or that its terms are oppressive or unreasonable, we think it not discriminatory.

The action of the lower court in dismissing the bill of complaint is therefore right, and should be and is affirmed.

Affirmed.