211 P.2d 506

**KIRKPATRICK v. WILLIAMS.**

No. 5178.

Supreme Court of New Mexico.

Nov. 8, 1949.

W. T. O'Sullivan, Albuquerque, for appellant.

Simms, Modrall, Seymour & Simms, Albuquerque, for appellee.

LUJAN, Justice.

This is an action for damages alleged to have been sustained by the plaintiff on account of the breach of contract. The cause was tried before the court without a jury, resulting in a judgment for the defendant, and plaintiff appeals.

The facts upon which this suit is founded are substantially as follows:

On Tuesday, December 23, 1947, Maurine Kirkpatrick, the plaintiff, called Velma Williams, the defendant, on the telephone and stated to her that she desired to take a beauty course in her school No. 2, located in the Rosenwald Building at Fourth and Central Avenue in Albuquerque. At that time she was advised by the defendant that she would be pleased to see and talk to her on the following Monday, December 29, but could not do so before that time due to the holiday rush and that her schools would be closed from December 24, at two o'clock until the following Monday, December 29. Although the plaintiff had been advised by the defendant that she could not interview her before December 29, she, nevertheless, went to School No. 2, on the afternoon of December 24, while the defendant was absent therefrom, and there told Mrs Bernice Griego, defendant's daughter, that her mother had directed her to permit the plaintiff to register as a student in School No. 2, and then and there handed Mrs. Griego $125.00 in cash for the tuition. Relying upon the plaintiff's statement, the defendant's daughter furnished her with blank registration agreements, which the plaintiff filled out in her own handwriting. While Mrs. Jean Campbell, an instructor in School No. 2, was assisting students in their work, Mrs. Griego presented the agreement to her and requested that she sign it for the school as instructor, which she did, although she did not see or talk with the plaintiff. Mrs. Griego then kept the original thereof together with the money, and delivered a copy of the agreement to the plaintiff. Within a very short time thereafter, the defendant, upon learning that the plaintiff was a colored woman and a graduate from a beauty college, as well as a licensed operator and the owner of a beauty shop in Albuquerque, told her that she had no facilities in her school to give post-graduate work or any instructions which the plaintiff had not already received in her own beauty course given at Madam Walker's College in Kansas City, Missouri, several years before, and then and there tendered back the money, which the plaintiff refused to accept.

The court found, and such findings are supported by sufficient evidence, that there was no meeting of minds between Maurine Kirkpatrick and Velma

Williams; that the alleged contract signed by Jean Campbell as instructor, was done without authority from the defendant, and therefore it was not valid or binding upon the defendant in any manner. The court further found that the defendant never ratified the act of her instructor, and that she offered and tendered a refund of the money paid out by the plaintiff to her daughter, but that it was refused.

There are numerous assignments of error which are argued under five points.

Under Point 1, plaintiff (appellant), challenges the defendant's (appellee), right in refusing to admit her as a student in her privately owned beauty college, claiming that the defendant was in a different class than the operators of private schools generally and that she was under a duty to the public which estopped her from repudiating the admission of the plaintiff as a qualified student in such school. The plaintiff cites no authority to support her contention and we are unable to find any.

The schools in question are private institutions conducted by the defendant as the sole owner for private gain, and are supported wholly by tuition fees paid by the students accepted for instruction. We hold plaintiff's right to admission rested solely in the discretion of the defendant. Booker **v.** Grand Rapids Medical College, 156 Mich. 95, 120 N.W. 589, 24 L.R.A., N.S., 447; State ex rel. Clark v. Maryland Institute, 87 Md. 643, 41 A. 126; People ex rel. Tinkoff v. Northwestern University, 333 Ill.App. 224, 77 N.E.2d 345; and 55 Am. Jur. Section 15, Universities & Colleges. The challenge is without merit.

Under Point II, the plaintiff urges that the lower court erred in rendering judgment in favor of the defendant upon an issue not tendered by the pleadings, and cites Walls v. Erupcion Mining Co., 36 N.M. 15, 6 P.2d 1021, to support her contention. We agree with what was said by the late Mr. Justice Parker in that case, but it does not support the contentions of the plaintiff in this case. In the pleadings upon which this case was tried there was a definite allegation in defendant's answer to the effect that plaintiff never had a valid contract, and the court so found.

Under Point IV, which will be taken in reverse order, the plaintiff claims that the material facts in the case are undisputed and thus an issue of law alone is presented. She is in error in her contention, as the case was tried and decided on facts, many of which were in dispute; and the court after hearing the controverted testimony found that Jean Campbell, an employee of the defendant, did not have authority to make the contract in question, and held therefore that it was not binding on the defendant.

Under Point III, plaintiff contends the defendant ratified the whole of

her employee's contract by failing to disaffirm or repudiate it in its entirety, and by offering to perform the contract in private. The evidence does not sustain her contention. Before a principal can be held to have ratified the unauthorized act of an agent, or of an employee who assumes to act as such, it must appear, either expressly or by strong implication, that the principal intended to ratify the act, and, if such intention cannot be shown, there is no ratification. The defendant on learning that the plaintiff had already graduated from a beauty college and was a licensed operator under the laws of New Mexico as well as the owner of a beauty shop in Albuquerque, advised her that she had no facilities in her school to give post-graduate work or any instruction which she had not already received in her own beauty course, and then and there tendered back the money, which the plaintiff refused to accept. In Walls v. Erupcion Mining Co., 36 N.M. 15, 6 P.2d 1021, we said it is indispensable to ratification that the party held thereto shall have had full knowledge of all material facts. We have read the entire record and find that the court's findings of fact are supported by substantial evidence, and therefore they will not be disturbed.

As Point V was not argued by plaintiff it will not be considered by us.

Fnding no error the judgment is affirmed, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.