**James F. BIRD, Appellant,**

v.

**The CHESAPEAKE AND POTOMAC TELE-PHONE COMPANY, a corporation,**

**Appellee.**

**No. 3081.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 1, 1962.

Decided Nov. 28, 1962.

---

8. Kelley v. Summers, supra.

Herbert P. Leeman, Washington, D. C., for appellant.

John P. Arness, Washington, D. C., with whom Jeremiah C. Collins, Washington, D. C., was on the brief, for appellee. Charles M. Harrison, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

Appellant sued the telephone company for damages resulting from its alleged negligence in omitting his name and number from the telephone directory. The trial court ruled that the company's liability was limited by a tariff provision on file with the Public Utilities Commission of the District of Columbia.[1] On the basis of that ruling, and with the consent of the company, judgment was entered for appellant for $39. Appellant contends that the limitation of liability was invalid and ineffective.

Under Code 1961, 43–401, an increase in rates by a public utility can be granted by the Public Utilities Commission only upon application to the Commission and after notice to interested parties and hearing and investigation. The company is presently operating under a basic rate schedule approved by the Commission and effective since August 13, 1954. The tariff provision here involved was accepted by the Commission, effective February 15, 1955, without the notice, hearing and investigation required by Code Section 43–401, and for that reason appellant contends it is invalid and of no effect.

Appellant's argument is that the Commission's approval of the limitation of liability had the effect of increasing the company's rate, and that such cannot be validly accomplished without full compliance with the provisions of Code Section 43–401.

 The word "rate," when used in connection with public utilities, generally means "the price stated or fixed for some commodity or service of general need or utility supplied to the public, measured by a specified unit or standard." Lenawee County Gas & Electric Co. v. City of Adrian, 209 Mich. 52, 176 N.W. 590, 592, 10 A.L.R. 1328, 1331. See also, 73 C.J.S. Public Utilities § 13; 43 Am.Jur., Public Utilities and Service, § 82. The purpose of a utility rate is "reimbursement for expenses incurred in performing the service, return on the investment used in the service, and a reasonable profit on the transaction." Summerfield v. Civil Aeronautics Board, 92 U.S.App.D.C. 248, 252, 207 F.2d 200, 204.

 In our opinion the requirements of Code Section 43–401 apply only to fixing or changing the basic rate to be charged by the utility, and those requirements are not binding on the Public Utilities Commission when called upon to approve a proposed rule or regulation which only indirectly and to a minor degree affects the financial operation of the utility.[2]

---

1. "The Telephone Company's liability arising from errors or omissions in directory listings (other than charged listings) shall be limited to the amount of actual impairment to the customer's service and in no event shall exceed one-half the amount to the exchange service charges for main telephones, extension telephones, and private branch exchange telephones, auxiliary lines, private branch exchange trunks, and private branch exchange switchboards involved during the period covered by the directory in which the error or omission occurs.

"In cases of charged directory listings, the liability of the Telephone Company shall be limited to an amount not exceeding the amount of charges for the charged listing or listings involved during the period covered by the directory in which the error or omission occurs."

2. See Riegel v. Public Utilities Commission, 60 App.D.C. 111, 48 F.2d 1023, cert. denied 284 U.S. 644, 52 S.Ct. 24, 76 L. Ed. 548; Lewis v. Potomac Electric Power Co., 62 App.D.C. 63, 64 F.2d 701.

Appellant further contends that the limitation of liability is unreasonable and therefore invalid. The reasonableness of a rule or regulation of a public utility is primarily a matter for determination by the Public Utilities Commission, and it appears that the reasonableness of a limitation of this nature has been generally upheld.[3]

Affirmed.

3. Baird v. Chesapeake and Potomac Telephone Co., 208 Md. 245, 117 A.2d 873; Cole v. Pacific Tel. & Tel. Co., 112 Cal. App. 416, 246 P.2d 686; Hamilton Employment Serv. v. New York Telephone Co., 253 N.Y. 468, 171 N.E. 710; McTighe v. New England Telephone & Telegraph Co., 2 Cir., 216 F.2d 26; Georges v. Pacific Telephone and Telegraph Co., D.C. Or., 184 F.Supp. 571.