Wilfred A. Waltemade, J.
This is an action by the plaintiff against the defendants, New York Telephone Company and Reuben H. Donnelly Telephone Directory Co., to recover damages arising out of an incorrect listing of plaintiff’s telephone number and address in the Bronx Classified Yellow Pages Directory. Plaintiff was engaged in the television service business at 1003 Castle Hill Avenue, Bronx, New York, from 1959 to 1963, and subscribed to telephone service under telephone number Talmadge 3-0024.
Early in 1963, plaintiff subscribed to an additional telephone number Talmadge 4-7480. On January 14,1963, plaintiff signed an application with the defendant Donnelly for representation in the forthcoming 1963 edition of the Bronx Classified Directory. The published advertisement did not conform to the pencilled “ copy ” which was part of the application, to the extent that the word “Motorola” was not of the correct type size. In May, 1963 at plaintiff’s request, service furnished under Talmadge 4-7480 was terminated.
Plaintiff now urges that the defendant New York Telephone Company must respond for damages because after this number was discontinued, the Telephone Company failed to refer callers to plaintiff’s Talmadge 3-0024 number. There is no merit to this contention because the plaintiff concededly did not request the Telephone Company to refer calls, and the Telephone Company was not legally obligated to render such service absent a request for same.
In January, 1964, plaintiff moved to a new location at No. 1135 Castle Hill Avenue, Bronx, New York. She requested 11 classified listings at the new address for publication in the 1964 classified telephone directory. It is conceded that all of the 11 listings applied for appeared correctly, but the unsolicited, or free listing to which plaintiff was entitled, was printed erroneously, listing plaintiff’s former address and the telephone number Talmadge 4-7480 which number plaintiff had discontinued in May, 1963. In the interim, this latter telephone number had been reassigned to a subscriber operating a music store. Plaintiff alleges that the Telephone Company was negligent in permitting the publication of the one incorrect listing, as a result of which she sustained a substantial loss of business. Telephonic services are subject to the rules and regulations promulgated by the Public Service Commission of the State of New York. Section 800 (D-2) of the General Rules and Regulations provides that: “In the absence of gross negligence or wilful misconduct, no liability for damages arising from errors or omissions of free directory listings * * * shall attach to *588 the Telephone Company and in ease of charge listings its liability shall be limited to and satisfied by a refund at the monthly rate for each such charge listing for the charge period during which the error or omission continues
The limitation of liability expressed in the cited rule and regulation is binding on the plaintiff. She can prevail only if there is demonstrated gross negligence or willful misconduct. The quantum of evidence produced by the plaintiff does not support gross negligence or willful misconduct. Accordingly, judgment is granted dismissing the complaint as against both defendants.