Manuel G. HORWITZ, t/a Real Estate
Refrigeration Service, Appellant,

v.

The CHESAPEAKE & POTOMAC TELE-
PHONE COMPANY, a New York
corporation, Appellee.

No. 5011.

District of Columbia Court of Appeals.

Argued March 2, 1970.

Decided May 28, 1970.

Joseph Zitomer, Silver Spring, Md., for appellant.

Harold Himmelman, Washington, D. C., for appellee; Robert C. Maynard, Washington, D. C., was on the brief for appellee.

Before HOOD, Chief Judge, and KELLEY and FICKLING, Associate Judges.

HOOD, Chief Judge:

Appellant brought this action against appellee-telephone company for damages alleged to have resulted from the company's negligence in the installation of telephones at appellant's new place of business. Having answered the complaint and appellant's interrogatories, and having taken appellant's deposition, the company moved for summary judgment. The basis of the motion was a tariff regulation (D. C. Exchange Tariff #3), filed with and approved by the Public Service Commission of the District of Columbia which provided:

5. Allowance for Interruptions

In view of the possibility of errors and difficulties occurring in the transmission of messages by telephone, and the impossibility of fixing the cause thereof, the subscriber assumes all risks

connected with the service except as follows: if service is interrupted otherwise than by the negligence or willful act of the subscriber, an allowance at the minimum rate for the telephone facilities and class of service in effect at the time of the interruption shall be made for the time such interruption continues after notice and demand to the Company. No other liability shall in any case attach to the Company.

The trial court granted summary judgment against appellant, holding that the tariff regulation was applicable and that appellant was thereunder entitled to no more than $13.89 which the company had offered to credit to his account.

Briefly stated, appellant in his deposition testified that he was in the business of repairing refrigerators for real estate and property management firms and that his entire business was dependent on telephone communications with his customers; that when he decided to move his business to another location, he made arrangements with the company, well in advance of moving, for installation of three telephones at the new location and for referral of calls made to his old telephone numbers to the new ones; that the new telephones were not properly installed and referrals were not made; and that for several months (his usually busiest period) his telephones at times did not operate, at times only one of the three telephones was in operation, and at all times his telephone service was less than adequate, and that as a result he suffered business losses.

■ We hold it was error to grant summary judgment. We do not, and appellant does not, question the validity of the tariff regulation.[1] But the regulation by its express language is limited to cases of "interruption" of service. The basis of appellant's complaint is not interruption of service but improper or negligent installation of telephone equipment. The company undertook to install the equipment and was under a duty to see that such installation was properly made. The regulation in question comes into effect only after the equipment is properly installed and the subscriber has begun to receive adequate service. Until service has commenced there can be no interruption. Only after the subscriber has begun to receive adequate service does the company's liability for interruption in service become limited by the tariff.

■ Neither does the tariff limit liability for failure of the company to provide appellant with referral service.[2]

Finally, we need not decide whether the tariff where applicable limits the company's liability only for ordinary negligence, as we find nothing in the record which would sustain a finding that the company's conduct amounted to wanton recklessness or intentional wrongdoing. Appellant frankly admitted he did not think the company's actions were either malicious or willful.[3]

We do not hold that appellant is entitled to recover. We hold only that there are issues of fact which make summary judgment inappropriate.

Reversed.

1. See Bird v. Chesapeake & Potomac Tel. Co., D.C.Mun.App., 185 A.2d 917 (1962).

2. Clay v. Chesapeake & Potomac Tel. Co., 87 U.S.App.D.C. 284, 184 F.2d 995 (1950); cf. Thon v. New York Tel. Co., 55 Misc.2d 586, 285 N.Y.S.2d 926 (1967).

3. Cf. Sommerville v. Chesapeake & Potomac Tel. Co., 49 App.D.C. 3, 258 F. 147 (1919), cert. denied, 250 U.S. 661, 40 S.Ct. 10, 63 L.Ed. 1195 (1919); Wheeler Stuckey, Inc. v. Southwestern Bell Tel. Co., 279 F.Supp. 712 (W.D. Okla.1967); Warner v. Southwestern Bell Tel. Co., 428 S.W.2d 596 (Mo.1968).