192 P.2d 836

JOHNSON v. BONNELL.

No. 5076.

Supreme Court of New Mexico.
March 9, 1948.

Rehearing Denied May 11, 1948.

George A. Shipley, of Alamogordo, for appellant.

Frazier & Quantius, of Roswell, for appellee.

COMPTON, Justice.

This is a suit in assumpsit. Appellee sought to collect the balance due on the purchase price of warehouses, fixtures, cottages, garage building, wood shed, truck, lease-holds, and stock of merchandise consisting of hardware, located at Ruidoso, New Mexico. Appellant answered, denying the indebtedness asserted against him. Further answering, he set up fraudulent misrepresentations by appellee as an inducement for making the purchase. Appellee's reply put in issue all material facts raised by the affirmative defense. The case was tried to the court without a jury. Judgment was rendered for appellee and it is from this judgment appellant brings this appeal.

It is the contention of appellant that appellee represented that the stock of merchandise had an inventory value of not less than $15,000, that the representation was material and was relied upon by him. On the other hand, appellee contends that the stock of merchandise, together with all other property, was sold in a lump sum, irrespective of inventory value. The controversy grows out of the value of the stock of merchandise.

At the conclusion of the trial the court made the following pertinent findings of fact:

"4. No inventory of the stock of merchandise was made by the parties prior to the agreement of sale and purchase. The plaintiff expressly refused to negotiate the sale on an inventory basis, and consented to make the sale on a lump sum basis only for his equity and interest in the whole properties and business. The defendant in person, and with his advisor, had opportunity to survey, inspect and examine the property, including the stock of merchandise, as to kind and quantity apparently to such extent as he desired. The defendant was experienced in the hardware business, and Mr. Champion, whom defendant consulted in the matter was widely experienced in such business. Within four or five days after the sale and purchase agreement the defendant knew the full extent of the property, including the stock of merchandise which was then listed as to articles and quantity in his inventory taken immediately after going into possession.

"6. That no warranty was made by the plaintiff as to any particular amount of

merchandise and no misrepresentation was made by the plaintiff concerning the stock of merchandise; that the stock of merchandise was open to the inspection of the defendant and his brother-in-law, Gerald D. Champion, each of whom were experienced in the hardware business; that the plaintiff refused to deal on an inventory basis, and insisted upon a lump sum sale, regardless of inventory; that the plaintiff has repeatedly demanded that the defendant pay the remainder of $5500.00, but the defendant refused to pay the same, and said amount is justly due and owing to the plaintiff with interest thereon at the rate of six per cent per annum from June 23, 1945, until paid.

"7. The defendant and his advisor, Champion, were both familiar with the hardware business, and they questioned the price first demanded by plaintiff and beat down that price, and they had ample opportunity to examine and inspect for their own information and guidance although they knew plaintiff would deal only for lump sum sale, and repeatedly they questioned and beat down the purchase price placing no reliance upon the expressed opinions of the plaintiff as to value. Defendant and Champion did inspect and look over the stock and were not deterred from doing so as fully as they pleased, and defendant understood plaintiff was asking cash only for his 'equity' in the whole property, and plaintiff did not warrant or represent as a fact that any certain inventory value of merchandise was there in stock."

■ The foregoing findings and the court's refusal to make certain requested findings are assigned as error. This brings the case within the rule so frequently announced that findings of fact if supported by substantial evidence will not be set aside. Therefore it is necessary to review the evidence to determine this question.

Previous to negotiations, Gerald D. Champion, a creditor of appellee, and a brother-in-law of appellant, called appellee from Tularosa, making inquiry if the property were for sale, stating that a party there was interested in buying it. Appellee informed him that he would sell for the sum of $36,000. Champion informed him that the party would be in Ruidoso the next day. The following morning, appellant arrived and immediately began negotiations for the purchase, casually inspecting the stock of merchandise at the time. Appellee renewed the offer of $36,000. Appellant requested and was given time to consider the proposition. The following day he returned and negotiations were continued, appellant again inspecting the merchandise.

Champion's account was approximately $20,000, less a discount of 10%. It was suggested by appellee that if appellant would pay the Champion account that he

would sell his equity in the business, and the property for the sum of $18,000. Appellant requested time to consult Champion, stating that he and Champion would return the following morning if they were interested. They arrived about 8 or 8:30 on the morning of the 23d of May, 1945, when a further inspection of the property was made. The three consulted together while negotiating. Upon inquiry by appellant as to the value of the stock of merchandise, appellee gave it as his opinion that it would inventory from $15,000 to $18,000, but stated that he would not sell on an inventory basis. He refused to negotiate, except a lump sum sale of $18,000 for himself and the assumption by appellant of the Champion account.

While the negotiations were pending, Champion, after having made further inspection of the merchandise, told appellee that it was his opinion that the value of the stock would not exceed $10,000 or $11,000. Appellee, then relying upon the experience and superior judgment of Champion, offered to sell for the sum of $11,000 if appellant would assume the Champion account. This was agreeable and the offer as made was accepted. A cash payment of $500 was then made. Appellant took possession of the stock of merchandise and the next day, without the assistance of appellee, completed an inventory and continued to operate the business. Possession of the remainder of the property was to have been delivered within 30 days and upon payment of the balance of the consideration. On June 15th, at the request of appellant, appellee executed bills of sale to all the property. Appellant made a cash payment of $5,000 and offered to give an order on Champion for the balance. Whereupon, appellee requested appellant to have Champion deposit the balance to his credit in a bank in Alamogordo, which was agreeable. Appellee, assuming that the balance had been so deposited, delivered possession of the property on June 21st. Appellant immediately refused to pay the balance, claiming that the inventory had been extended and that the value of the stock was less, by $7,715, than represented by appellee.

The authorities presented by appellant support the proposition that if a vendor speaks, he must speak the truth. This is conceded to be the rule. But these cases cannot be regarded as authority in support of appellant's claim, as appellee did not negotiate on an inventory basis.

Appellant and Champion were experienced in hardware values. They inspected the merchandise, or at least had a fair opportunity to do so and pursued negotiations on a lump sum basis. This, and appellee's failure to extend inventories for some 30 days, has no plausible explanation, unless it can be said that appellee's contention is the correct one. It is also significant that appellant offers no explanation

as to what his attitude would have been had the inventory value materially exceeded appellee's estimate. For all the record says, such excess value would have passed to him under the agreement. This is inconsistent with a sale on an inventory basis. Under the facts and circumstances appearing, appellant cannot be heard to complain that he has been defrauded. We appraise the representation of appellee as mere opinion, expressed in such manner that no reasonably prudent person could be deceived thereby. This conclusion finds support in Bell v. Lammon, 51 N.M. 133, 179 P.2d 757, and Hartzell v. Jackson, 41 N.M. 700, 73 P.2d 820.

We have noticed all assignments of error but the conclusion- reached renders further discussion unnecessary. The findings of facts are supported by substantial evidence and the findings support the judgment. It is obvious that the conclusion of the trial court that there was no fraud is substantiated by the findings and evidence.

The judgment will be affirmed and the cause remanded with directions to the trial court to reinstate the case upon its docket, render judgment in favor of appellee and against appellant and the sureties upon his supersedeas bond, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., dissenting.

McGHEE, Justice (dissenting).

I know of nothing more useless than a long, lone dissent based on the facts, so I content myself by saying that, in my opinion, judgment should have gone against the plaintiff on his own testimony. I dissent.