200 P.2d 372

**GARCIA v. J. C. PENNEY CO., Inc., et al.**
No. 5137.

Supreme Court of New Mexico.
Nov. 30, 1948.

Dailey & Rogers, A. L. Strong and Hugh R. Horne, all of Albuquerque, for appellants.

Joseph L. Smith, of Albuquerque, for appellee.

COMPTON, Justice.

Appellee instituted suit against J. C. Penney Company, Inc., as employer, and Employer's Liability Assurance Corporation, Ltd., its insurer, under the provisions of the Workmen's Compensation Act.

Appellee claims that while painting a ceiling in the office of the employer he suffered an accidental injury. That he was standing on a scaffold, slightly crouched, supporting himself with a metal strap attached to the ceiling, and while thus engaged his left foot slipped on, or from, the board upon which he was standing, twisting his body sharply, thereby sustaining an injury to his spine from which he is totally and permanently disabled.

Appellee had been employed by the J. C. Penney Company for about two years prior to the alleged injury. Previously, on February 15, 1947, he received a back injury necessitating medical treatment for some thirty days. Upon release he resumed his work with the company. He was 54 years of age, weighed 190 pounds and continued to perform heavy manual labor to the day of the later injury.

Appellants answered, first challenging the sufficiency of the claim to state facts on which relief can be claimed, and second, denying liability outright.

The case was tried to the court without a jury. At the conclusion, the court made the following pertinent findings:

"7. The Court further finds that Claimant is totally and permanently disabled by

reason of the accident which he sustained on June 13, 1947. From the stipulation of counsel, we believe this accident occurred within the scope of his employment and that there was a policy of insurance in force on the day of the accident, and on February 15, 1947. * * *

* * * * * *

"13. That the defendant J. C. Penney Co., Inc. had elected to be bound by the terms of the Workmen's Compensation Act and had provided workmen's compensation insurance for its employees through the defendant, Employers' Liability Assurance Corporation, Ltd., and that said insurance coverage was in full force and effect on June 13, 1947.

"14. That Manuel S. Garcia sustained an injury suffered by an accident arising out of and in the course of his employment while working for the defendant employer on the 13th day of June, 1947, about 1:30 P.M., while engaged in painting the ceiling of the employer's premises in Albuquerque, New Mexico, at which time his average weekly earnings were $50.

"15. That the plaintiff has and necessarily will hereafter incur X-ray, medical, surgical and hospitalization expense in **excess** of the statutory maximum of $700.00 to fully and completely care for the plaintiff.

* * * * * *

"18. That the plaintiff necessarily employed counsel to represent him in the prosecution of suit for recovery of benefits under the Workmen's Compensation Act."

Appellants claim error in the following respect:

"1. The Court erred in holding that Appellee received a compensable injury on June 13, 1947, for the reason that any injury resulting in the condition existing at the time of trial could only have been caused by the accident of February 15, 1947.

"2. The Court erred in holding that Chapters 87 and 92, Laws of New Mexico, 1947, were in effect June 13, 1947 and were applicable to the case at bar.

"3. That the Court erred in awarding an attorney's fee to Appellee's attorney in the amount of $2,000.00, for the reason that no evidence was introduced showing or tending to show the value of said services and that the award is excessive and in the nature of a penalty against Appellants."

Aside from the denial of liability, it is contended that appellee's disability, if any, is caused by the injury of February 15, 1947. This becomes important. The effective compensation schedule for total permanent disability February 15, 1947 is $18.00 per week, 1941 Comp. § 57-918, whereas, under an Amendatory Act, Chapter 92, Laws of 1947, the compensation schedule is $22.00 per week. The maximum allowance for surgical, hospital and medical attention effective February 15, 1947 is $400.00, 1941

Comp. § 57-919, whereas, under the provisions of an Amendatory Act, Chapter 87 of Laws of 1947, allowance for such item is $700.00, plus contingent additional benefits.

Prior to the injury of June 15, 1947 appellee was performing his normal duties with the company with no apparent ill effect from any previous injury. He felt well, was without pain, and apparently had fully recovered from such previous injury. After June 13, 1947 he was unable to work. His condition became progressively worse. Surgery was required and he was found to be suffering from herniated disc. There is constant pressure on the spinal nerves with partial paralysis of the left leg. He is stooped, weighs about 150 pounds, and now walks with the support of a cane. There is no room for dispute that he is now totally and permanently disabled. Should he recover he may be able to "sell pencils".

■ The medical witnesses testifying in his behalf supported the contention that his condition resulted from the injury of June 13, 1947, and that the injury is traumatic in origin. On the other hand, medical witnesses in behalf of appellants produce strong evidence that appellee's condition resulted from arthritis, or in any event, attribute his condition to the injury of February 15, 1947, thus presenting a clear conflict in the evidence. The trial court resolved the conflict in favor of appellee and following the rules so frequently announced in this and other jurisdictions the judgment will not be disturbed. Johnson v. Bonnell, 52 N.M. 123, 192 P.2d 836; Wilson v. Williams, 43 N.M. 173, 87 P.2d 683; Lillibridge v. Coulter, 52 N.M. 105, 192 P.2d 315.

■■ It is next contended that the court erred in determining the effective date of Chapters 87 and 92 of the Laws of 1947. The following are pertinent constitutional and statutory provisions:

"Each regular session of the legislature shall begin at 12:00 noon on the second Tuesday of January next after each general election and shall remain in session not to exceed sixty (60) days." Art. 4, Sec. 5, New Mexico Constitution.

"Laws shall go into effect ninety days after the adjournment of the legislature enacting them, except * * *". Art. 4, Sec. 23, New Mexico Constitution.

"In computing time the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday." Art. 2, Sec. 1-202(7), New Mex.Stat.1941 Comp.

The clear language leaves little room for construction. The court took notice that the 1947 regular Legislative session adjourned at 12:00 noon, March 15, 1947 and concluded that the effective date of the acts in question is 12:00 noon June 13, 1947.

At Par. 111, Sutherland on Statutory Construction, the rule is stated:

"The rule now supported by nearly all the modern cases is that the time shall be computed by excluding the day, or the day of the event, from which time is to be computed and including the last day of the number constituting the specific period. Thus, if an act is to take effect in thirty days from and after its passage, basing on the 1st day of March, it would go into operation on the 31st day of that month. It would commence to operate at the first moment of the last day of the thirty, ascertained by adding that number to the number of the date of the passage." Suth.Stat.Const. § 111.

To the same effect O'Brien v. Wilson, 26 N.M. 641, 195 P. 803; State of West Virginia v. Mounts, 36 W.Va. 179, 14 S.E. 407, 15 L.R.A. 243; American Nat. Bank at Indianapolis v. Service Life Ins. Co., 7 Cir., 120 F.2d 579, 137 A.L.R. 1148.

We are of the opinion that the act became effective June 13, 1947, the 90th day after adjournment, consequently, appellee is entitled to benefits under the provisions of the Amendatory Acts.

Finally, it is contended that the court erred in the allowance of attorney fees. Without hearing any direct evidence touching the value of the services rendered, the trial court allowed an attorney fee of $2,-000.00. It is claimed that the court erred in this respect. It is also contended that the fee is excessive.

■ There are many considerations entering into the fixing of attorney fees. Usually, the ability, standing, skill, the amount in controversy, its importance, and the benefits derived, go to the matter of determining fees. Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Anderson v. Contract Trucking Co., 48 N.M. 158, 146 P.2d 873. See also In re Dehner's Estate, 230 Iowa 490, 298 N.W. 656, 143 A.L.R. 672 where cases relating to allowance of fees are assembled. The court has the superior knowledge of the matter at hand, and its award, though not supported by direct evidence, will not be disturbed upon review unless it plainly appears from the record that there had been an abuse of discretion. 5 C.J.S., Appeal and Error, § 1584; Horvath v. Vasvary, 246 Mich. 231, 224 N.W. 365; Anderson v. Contract Trucking Co., supra.

■ We conclude that an allowance of $2,000.00 attorney's fee, such service resulting in an award of $22.00 per week for 550 weeks, or $12,100.00, for total permanent disability, is not excessive.

■ Appellee now claims additional fees for the services of his attorney for presenting this appeal. In consideration of the fee

heretofore allowed and determined, an additional fee of $750.00 will be allowed.

The judgment will be affirmed and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., did not participate.