276 P.2d 906

In the Matter of the Last WILL and Testament of A. J. CONLEY, Deceased.

Mrs. A. J. CONLEY, Movant-Appellant

v.

Wesley QUINN, Executor of the Estate of A. J. Conley, Deceased, Respondent-Appellee.

No. 5637.

Supreme Court of New Mexico.

Nov. 23, 1954.

Dissenting Opinion Nov. 29, 1954.

Smith & Smith, Clovis, for appellant.

Quinn & Cox, Clovis, for appellee.

G. W. Robertson, Raton, amicus curiæ.

PER CURIAM.

On rehearing, our former opinion on file herein is withdrawn and the one to follow substituted therefor.

SADLER, Justice.

This appeal is from an order of the district court of Curry County in a proceeding originating in the probate court of that county entitled, In the Matter of the Last Will and Testament of A. J. Conley, Deceased, and numbered 10,471 on the docket of latter court. The order was one overruling a motion of the appellant, Ola Mae Conley, widow of the testator, A. J. Conley, deceased, to set aside to her an undivided one-half interest in certain property, real and personal, of which the decedent died seized and possessed, as her share of the community estate.

Both A. J. Conley, deceased, and his surviving wife, Ola Mae Conley, the appellant, had been previously married and were the parents of children by the former marriages, which had been dissolved by the death of their respective spouses. Thus it was that on August 18, 1939, the two were united in marriage and resided together as husband and wife at Melrose, New Mexico, until the death of A. J. Conley, the husband, on February 11, 1952. At the time of the marriage he was 71 years of age and had been the victim of a stroke of paralysis. The wife, Ola Mae Conley, was 43 years of age at time of marriage to decedent. There were no children born of this marriage.

It will be observed from what has been said that the proceeding below was initiated in the probate court of Curry County by the filing of a petition to probate the last will and testament of A. J. Conley, deceased. It was subsequently transferred to the district court by removal proceedings under 1941 Comp. § 16-419. The trial of the widow's claim under the community property doctrine to an undivided one-half interest in all the estate

listed in the probate proceeding as belonging to the husband thus took place in the district court. The property involved was principally real estate. The court denied her motion to set aside to her the undivided one-half interest so claimed. Acting as it was in probate matters, the district court possessed only such jurisdiction in the premises as that enjoyed by the probate court where the proceeding originated. McCann v. McCann, 46 N.M. 406, 129 P. 2d 646, and cases cited. No question has been made of the propriety of the pleadings raising the issue and such question is not involved here.

■ The parties themselves seem perfectly content to have us determine the issues raised. Neither questions our right and power to do so. But if the probate court lacked jurisdiction to hear and determine the widow's claim to ownership of an undivided one-half interest in what was said to be the decedent's estate, the district court on removal did not possess such jurisdiction. Accordingly, if there was no jurisdiction, we should now so declare since jurisdiction may not be conferred by consent. See McCann v. McCann, supra; Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979; and Swayze v. Bartlett, 58 N.M. 504, 273 P.2d 367.

There are two steps or problems involved in this jurisdictional question: (1) Is jurisdiction lacking under Dunham v. Stitz-

berg, 53 N.M. 81, 201 P.2d 1000, on the ground that a decision on the merits of the instant case requires the probate court to try the title to real estate; and if so, does the constitutional amendment of 1949, addressed to Art. 6, § 23, confer the jurisdiction said to be lacking in the Stitzberg case; (2) Is jurisdiction lacking under McCann v. McCann, as that decision is amplified by the Stitzberg case, to the effect that the probate court does not have jurisdiction to try title to either real or personal property as between an estate and strangers to the estate.

In the instant case, at the request of this Court, on rehearing briefs were filed on this jurisdictional question which had not been raised by the parties. We wish to express our appreciation to Mr. George W. Robertson of Raton whose able brief and oral argument under appointment as amicus curiae have been of great service to the Court in determining this appeal. These briefs call to our attention the 1949 amendment to Art. 6, § 23 of the Constitution and the amendment of § 16–312, 1941 Comp., by Ch. 96 of the Laws of 1949. Two things are argued in connection with the constitutional amendment: (1) That the constitutional amendment as it stands is self-implementing and does not require further legislative action to confer the additional jurisdiction granted to the probate court by the first sentence of the amendment. This additional jurisdiction is

the jurisdiction found not to exist in the probate court under our holding in Dunham v. Stitzberg, supra. (2) That the jurisdiction so conferred by the amendment allows the probate court to determine ownership of real estate if such determination is put into issue in a probate proceeding.

Parenthetically, before treating the two propositions argued in connection with the constitutional amendment, we desire to treat briefly the basic holding made in Dunham v. Stitzberg, supra, which provoked the constitutional amendment. This holding was: That the probate courts in New Mexico having no jurisdiction over real estate, any determination of heirship by such courts, fixing the identity of persons taking by the laws of descent and distribution, is void as to that part of the estate comprising real property. We have reached the conclusion that this holding is erroneous. Its correctness rests basically upon two fundamental conclusions reached in that case. (1) That Const. Art. 6, § 13, containing the broad grant of jurisdiction to the district court, confers the jurisdiction exercised by the probate court here and in the Stitzberg case; and (2) that Const. Art. 6, § 23, makes that jurisdiction exclusive, insofar as it affects or involves real estate.

To elucidate, Const. Art. 6, § 13, provides:

"The district court shall have original jurisdiction in all matters and causes not excepted in this constitution."

In Dunham v. Stitzberg we construed this language as if it read:

"The district court shall have *exclusive* original jurisdiction in all matters and causes not excepted in this constitution."

In other words, the effect of our holding in the Stitzberg case is to interpolate the word "exclusive" at the point in the quoted provision indicated above. Significance is to be attached to the omission by the framers of the constitution of this word, unless elsewhere in the constitution we find a mandate to interpolate by implication where the framers of the constitution themselves omitted it.

In our opinion in the Stitzberg case [53 N.M. 81, 201 P.2d 1005], we assumed we had found that mandate in the language of Const. Art. 6, § 23, so far as material reading:

"A probate court is hereby established for each county, which shall be a court of record, and, until otherwise provided by law, shall have the same jurisdiction as is now exercised by the probate courts of the Territory of New Mexico. The legislature shall have power from time to time to con-

fer upon the probate court in any county in this state, general civil jurisdiction coextensive with the county; provided, however, that such court shall not have jurisdiction in civil causes in which the matter in controversy shall exceed in value one thousand dollars, exclusive of interest; * * * *nor in any matter wherein the title or boundaries of land may be in dispute or drawn in question; * * *." (Emphasis ours.)*

█ It can hardly be disputed that in deciding the Stitzberg case as we did, we repeated our mistake in McCann v. McCann, supra, by treating the proviso touching denial of jurisdiction in "matter[s] wherein the title or boundaries of land may be in dispute or drawn in question" as qualifying the initial grant to probate courts of the "same jurisdiction as is now (was then) exercised by the probate courts of the Territory of New Mexico", and as amounting to a present denial or withholding of jurisdiction. In reality, it is a limitation on future legislative action relative to conferring additional civil jurisdiction on the probate courts of New Mexico. With as much reason and logic we could deny probate courts jurisdiction to administer estates in excess of $1,000 in value because of the presence in this proviso for a future grant by the legislature of civil jurisdiction where matter in controversy

exceeds $1,000. This proviso does not, as said by this Court in Dunham v. Stitzberg, supra, amount to a present grant of exclusive original jurisdiction in district courts on "any matter wherein the title or boundaries of land may be in dispute or drawn in question".

Certainly, if as a matter of fact and law probate courts at time the constitution was adopted possessed and were exercising jurisdiction to decree heirship whether the effect was to cast descent of title to *real* or personal property, then there is naught in the language of the proviso, speaking prospectively as it does relative to legislative action, to deny a continued exercise of that jurisdiction. While the phraseology of "determination of heirship" did not come into our statutes until a later date, it cannot be questioned that in territorial days, at the conclusion of an administration, the title to property, both real and personal, was deemed settled in the heirs, devisees or legatees as the case may have been.

█ Moreover, as we view the matter, a decree of heirship is the declaration of a *status*. It is no less so than the declaration of the probate court that the decedent is who he was and was known to be. A probate court can decree a status that binds the world. Evens v. Keller, 35 N.M. 659, 6 P.2d 200. It has done so from time immemorial in New Mexico in the adoption

of children, until the legislature vested exclusive jurisdiction in the district court, 1941 Comp. § 25–201. No one can successfully challenge the entry of a decree of adoption by that court that binds the world (made before the legislature vested jurisdiction exclusively in the district court). It would be just as logical and as true to say of a probate court that it could not probate a last will affecting title to real estate for the same reason but we know full well it can. In re Morrow's Will, 41 N.M. 723, 73 P.2d 1360; Humphries v. Le Breton, 55 N.M. 247, 230 P.2d 976.

■ Therefore, the decision in the Stitzberg case, supra, to the extent it holds that the probate court cannot, by its determination of heirship, finally settle the ownership of a decedent's estate, both real and personal, is hereby overruled.

■ We return now to the two propositions. argued in connection with the constitutional amendment. With the first argument that the constitutional amendment is self-implementing, we agree, although in view of what we have said about the Stitzberg case, the importance of such holding seems lessened.

The second contention based upon the amendment is erroneous under McCann v. McCann, supra. The basic holding of that case and the one as to which it is stare decisis was amplified in the opinion of Chief Justice Brice in Dunham v. Stitzberg, supra, in which opinion this Court stated:

"The probate courts in New Mexico have no jurisdiction to try or determine title to either real or personal property as between an estate or heirs and devisees on the one hand and strangers to the estate on the other. (Citing authorities.) This jurisdiction is vested exclusively in the district court by Article 6, Sec. 13 of the State Constitution in which it is provided that 'the district court shall have original jurisdiction *in all matters and causes* not excepted in this constitution * * *.'"

■ We consider the foregoing quotation a proper statement of the rule of law growing out of the McCann case. It first lays to rest the problem of whether there is any distinction between real estate and personal property in a determination of this second jurisdictional question. The conclusion is that it is immaterial whether the property involved be real or personal. The first sentence of the quotation contains the true test as to the jurisdiction of the probate and district courts in matters of this sort. Otherwise stated, that test is: If the issue to be determined by the probate court, or the district court sitting in probate, is whether certain property, be

it real or personal, constitutes assets of the estate or belongs to some person claiming adversely to the estate, there is no jurisdiction in either court to try the matter.

The moment that the action brings into issue the question of whether or not certain property is a part of decedent's estate we have passed outside of the field of jurisdiction said to have been "added" to the probate court by the amendment or held by the probate court under the constitution prior to the amendment. It is such questions that fall within Art. 6, § 13, Const., which provides that: "The district court shall have original jurisdiction in all matters and causes not excepted in this constitution * * *." This is what is meant by Judge Brice when he says in the language quoted above, that, "The probate courts in New Mexico have no jurisdiction to try or determine title to either real or personal property as between an estate or heirs and devisees on the one hand and strangers to the estate on the other." Granting that the wife be not a. stranger to the estate within the meaning of the language quoted above from the Stitzberg case, we see no escape from the conclusion that, in hearing and determining the bitterly contested issue whether the lands involved were separate property of the husband or belonged to the community, the probate court was entertaining jurisdiction in a controverted matter wherein the title to property, be it real or personal, was in dispute on the issue of whether or not the property was a part of the assets of decedent's estate. Obviously, the widow of a decedent is rarely, if ever, a stranger to the estate within the meaning of the language quoted above from the Stitzberg case, because as a widow, normally she is taking certain property *through* the estate. However, when she takes property *from* the estate by virtue of a separate claim to ownership, the principles applicable to a stranger in the normal use of the word apply to her claim.

▇ Hence our conclusion that the probate court, and by the same token the district court sitting in matters of probate, lacked jurisdiction to enter the decree it did insofar as such decree affects the title and the ownership of the property in question. Compare Merola v. Superior Court, Cal. App., 269 P.2d 664, and In re Condos' Estate, Nev., 266 P.2d 404.

▇ In the present case we have a widow who incidentally is an heir; however, her claim to one-half of the property involved is not the claim of an *heir* in administration, but is a claim arising under the community property system which constitutes her the *owner* of an undivided one-

half interest in all community property. Truly, she is not a stranger to the estate in a sense in which the word stranger is used in the language of our opinion in the Stitzberg case as quoted supra; nevertheless, the probate court was without jurisdiction to try her controverted claim of title to one-half the real estate involved as her share of the community.

In the instant case, the widow's motion was denied upon the merits; the denial was correct although the grounds therefor were wrong in that the trial court had no jurisdiction to render a decision on the merits.

Judgment is affirmed.

It is so ordered.

COMPTON, LUJAN, and SEYMOUR, JJ., concur.

McGHEE, C. J., concurs in the result.

McGHEE, Chief Justice, dissenting in part but concurring in the result:

I concur in the holding the District Court sitting in probate was without jurisdiction to determine the issues in this case, but dissent from so much of the opinion which says the case of Dunham v. Stitzberg, 53 N.M. 81, 201 P.2d 1000, is overruled. In fact, I do not think it has any application whatever to the issues in the case.