287 P.2d 68

**Leona LUCUS, Plaintiff-Appellee,**

**v.**

**Vernon L. RUCKMAN, Defendant-Appellant.**

**No. 5768.**

Supreme Court of New Mexico.

Feb. 11, 1955.

Rehearings Denied Aug. 18, 1955.

Compton & Compton, Morgan & Morgan, Portales, for appellant.

H. R. Parsons, Ft. Sumner, J. V. Gallegos, Tucumcari, (Martin A. Threet, Albuquerque, on rehearing only) for appellee.

LUJAN, Justice.

This is an appeal from a judgment of the District Court of De Baca County setting aside the final decree of the Probate Court of said county, In The Matter of the Estate of Fred C. Ruckman, deceased, No. 440. This appeal is prosecuted to secure a reversal of the trial court's action.

Fred C. Ruckman and Edith Drake, both deceased, lived in the same community in the State of Missouri and visited each other prior to their marriage. In 1896 the appellant (defendant) was born to Edith Drake out of wedlock. In 1898 Fred C. Ruckman, Edith Drake and appellant, then eighteen months old, moved to the state of Oklahoma where all three lived together. In 1901 Fred C. Ruckman married Edith Drake. In 1905 Leona Ruckman Lucus, appellee (plaintiff) was born. In 1908 the family moved to the state of New Mexico where they lived together for many years. In 1941 Edith Drake Ruckman died. On

August 19, 1949, Fred C. Ruckman died intestate.

Shortly thereafter appellee applied for and was appointed administratrix of the Estate of Fred C. Ruckman, deceased. In her application she listed herself and the appellant as the sole heirs of the said Fred C. Ruckman, deceased. The application contained the essential jurisdictional averments, and the proceedings, in all things regular, eventuated in a final decree determining the heirship in said estate, which reads, in part, as follows:

"This matter coming on to be heard at Fort Sumner, New Mexico, before this Court on the 1st day of July, 1950, for final settlement, pursuant to the order of this Court entered herein on May 15, 1950, and Leona Lucus, the duly appointed, qualified and acting administratrix of said estate appearing by her attorney, H. R. Parsons and, also as an heir having filed herein her written appearance for this hearing in which she has waived service of notice of this hearing, and,

"It appearing that no one appears to make objection to the final report and account of said administratrix or to the final settlement of this estate and it further appearing that said final report and account is true, correct and complete, and

"It appearing that due, proper and timely notice of this hearing has been given to all persons required by law to be notified and as required by law, and

"It appearing that notice to creditors was duly given herein as required by law and that the first publication of said notice occurred on September 22, 1949, and that no claims have been filed herein and that the time allowed by law for the presentation of claims has expired without any such presentation or without allowance of any claim, and

"*     *     *     *     *     *

"It appearing that at the time of said decedent's death he was a widower and was survived by the said Leona Lucus, his daughter, and by one Vernon L. Ruckman, his son, as his sole heirs, to whom at the time of decedent's death the aforesaid real property descended in undivided half interest each, and,

"*     *     *     *     *     *

"It Is Therefore Decreed:

"First, that the final report and account of the administratrix herein be and it is hereby approved and this estate is hereby settled and closed.

"*     *     *     *     *     *

"Fourth, That the said Leona Lucus and Vernon L. Ruckman, be and they

are hereby declared and established to [be] the sole and only heirs of said decedent to whom, as aforesaid, all property, at the death of said decedent, descended in undivided interests as aforesaid.

"Done at Fort Sumner, New Mexico, this 1st day of July, 1950.

"Jack Speakman
"Probate Judge."

About six months after the foregoing decree was entered, appellee filed a motion in the probate court for the correction of certain clerical errors appearing therein. On January 1, 1951, a nunc pro tunc order was entered correcting said errors.

Thereafter, on June 19, 1952, appellee brought this action against the appellant seeking to set aside the final decree of the probate court. The complaint, among other things, alleged:

"3. That the Defendant, Vernon L. Ruckman, is the son of the Plaintiff's mother, the said Edith Ruckman, and that the said Vernon L. Ruckman was born to Plaintiff's said mother out of wedlock in the State of Missouri about the year 1898 and prior to the time of the marriage of Fred C. Ruckman, and Edith Ruckman, and that said Fred C. Ruckman is not the father of the Defendant.

"*       *       *       *       *       *

"10. That at all times and until about April 4, 1952 the Plaintiff believed, and was not advised otherwise, that the said Vernon L. Ruckman was her full brother and was the son of her father, the said Fred C. Ruckman, now deceased, and upon said belief the Plaintiff through error and mistake stated in said administration proceedings of the estate of said Fred C. Ruckman, deceased, that Vernon L. Ruckman was a son and an heir of the said Fred C. Ruckman, and the said probate proceedings, including the final decree and the order for correction of clerical errors in the amended inventory and appraisement and the final decree contain said error, which should be corrected by an order of this Court entering a final decree stating that the Defendant is not the son or an heir of Fred C. Ruckman, deceased, and that the Plaintiff herein is the only child and only heir at law of said decedent, Fred C. Ruckman. Copies of said final decree and order for correction of clerical errors in said probate proceedings in Cause No. 440 are hereto attached and made parts hereof as Exhibits 'A' and 'B'.

"11. The Plaintiff alleges on information and belief that the Defendant has known for many years that he is not a son of the said Fred C. Ruckman, now deceased."

In the prayer appellee prays that the final decree of the probate court and the order for correction of clerical errors be set aside, vacated and held null and void, and that the probate court be ordered to reopen said cause and find that the appellee is the only child and heir of Fred C. Ruckman, deceased, or that the district court enter a decree finding the appellee is the only child and heir at law of said decedent, and that appellant be enjoined and restrained from instituting or proceeding with any action against the appellee that may be based on the claim that the appellant is a son or an heir of said Fred C. Ruckman, deceased.

Many errors are assigned which are argued under seven points. Under point three it is argued that "the final decree entered by the probate court, as by the nunc tunc order was valid and legal, and the same not having been modified, altered, set aside, or appealed from within the time permitted by law was and is final and conclusive in so far as the same relates to the heirship of decedent; and that said final decree is therefore not subject to attack in this action; and that appellee's complaint should have been dismissed."

■ The probate court had authority, in the first instance, to determine the heirship of decedent's estate In re Conley's will (Conley v. Quinn), 58 N.M. 771, 276 P.2d 906, and the final decree of the probate court not having been appealed from within the time provided by law for an appeal, the decree became final and conclusive insofar as the same related to the heirship of decedent.

Appellee's complaint was filed on June 19, 1952, which was approximately two years subsequent to the final decree of the probate court determining the heirship of said estate and approving the administratrix's final report and account. At that time the appellee had the right of appeal to the district court. A trial de novo could have been had in the district court, and the correctness of the judgment, determining the heirship in said estate could have been there relitigated.

■■ The decree rendered by the probate court on July 1, 1950, and the nunc pro tunc order entered on January 1, 1951, correcting certain clerical errors, determining the heirship of Fred C. Ruckman, deceased, was a final decree. The decree being final and conclusive, the solemn adjudication that Leona Ruckman Lucus and Vernon L. Ruckman were the only and sole heirs of the said Fred C. Ruckman could not, after the time in which to appeal to the district court had expired, be contradicted or otherwise impeached, except for fraud. The complaint filed by the appellee, who by her final report and account invoked and procured the decree, now seeks to set it aside.

By this complaint she proceeds, by its averments, to deny that the appellant is the son and heir of the said Fred C. Ruckman, deceased, and seeks to have the action of the probate court set aside. She alleges no fraud, but predicates her right to impeach the solemn recitals of the decree, insofar as they relate to the heirship of decedent, upon her ignorance and mistake in listing him as a son and heir. If the averments of her complaint be true, she has made the unfortunate mistake of having declared him a son and heir of decedent in her final report and account. But, she cannot now be permitted to attack the conclusiveness of the decree in the mode here attempted.

We held in Ross v. Lewis, 23 N.M. 524, 169 P. 468, that the allowance of a claim against the estate of a decedent is a judicial act, and has all the force and effect of a judgment; that is, it is final and conclusive, as between the parties, until reversed or set aside, and could not be attacked collaterally. So also, the determination of heirship by the probate court is final and has the attributes of a judgment.

In 34 C.J. 520, Section 827, it is said:

"A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law and in a proceeding instituted for that very purpose, in the same action and in the same court; and the fact that other incidental re-relief is also asked is immaterial. * * * A collateral attack is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; * * *. In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral." See, also, 49 C.J.S., Judgments, § 408.

And in 31 Am.Jur. 205, Section 611, that author says:

"* * * a collateral attack upon a judgment is an attack made by or in action or proceeding that has an independent purpose other than the impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action. * * *"

Applying the foregoing tests, the attempt here made is to impeach and set aside the final decree of heirship made by the probate court of De Baca County, in administration proceedings on the estate of

Fred C. Ruckman, deceased, in an independent action other than that in which said decree was rendered, after the time for correcting any error in such proceedings by direct review had long since passed. The complaint failed to allege, nor did the evidence disclose, grounds for setting aside such decree by bill of review or by suit in the nature of a bill of review, even if plaintiff's complaint could be so treated, which we do not decide. The probate decree is not subject to the attack made on it. Day v. Trigg, 27 N.M. 655, 204 P. 62; State ex rel. Brady v. Frenger, 44 N.M. 386, 103 P. 2d 115.

■ We have endeavored to make it clear from what we have said that the judgment appealed from cannot be sustained for the basic reason that the decree of heirship incorporated in the probate decree is not subject to the collateral attack thus made upon it. Furthermore, even a direct attack on the adjudication that the defendant, Vernon L. Ruckman, was the son and an heir of his father would have been unavailing if the ground urged was that the probate court lacked jurisdiction to decree heirship in so far as doing so might affect the title or ownership of real estate. Conley v. Quinn, supra.

■ However the judgment here appealed from is subject to another and fatal defect in a certain particular. Notwithstanding, the primary object of the suit was to set aside a decree of heirship entered by the probate court of De Baca County, which the district court of that county had undoubted jurisdiction to entertain, the judgment actually entered in said suit and from which the present appeal was taken goes far beyond the issue of heirship of decedent by proceeding to adjudicate the title and ownership in plaintiff of real estate, none of which is located in De Baca County but all of which lies outside said county, to-wit, in Roosevelt and Eddy counties. To the extent the present judgment does so it acted not only erroneously but rendered a void judgment. See 1953 Comp. § 21–5–1(4a); also Heath v. Gray, 58 N.M. 665, 274 P.2d 620.

Other points are raised but in view of our conclusion it is unnecessary to discuss them. It follows from what has been said that the judgment reviewed should be reversed and the cause remanded with directions to the district court to set aside its judgment and dismiss the plaintiff's cause of action.

It is so ordered.

SADLER and McGHEE, JJ., concur.

COMPTON, C. J., and KIKER, J., not participating.

On Motions for Rehearing

Two separate motions for rehearing have been filed herein. The appellee (plaintiff

below) says we erred in several particulars and invokes Rule 60(b) of District Court Rules in her behalf. We have considered the motion and find nothing to change our views expressed in the opinion on file.

The appellant (defendant below) has moved for rehearing. He urges we failed to pass on the grounds set up in his cross-complaint in which he seeks certain relief from appellee in the nature of an accounting. Since we have held the trial court could not reopen the issue of heirship, the only portion of the complaint which it had jurisdiction to try, and have directed a dismissal of the cause of action asserted by appellee-plaintiff in that behalf, we do not feel the case should be held open for trial of an accounting suit where other factors touching jurisdiction on that score may enter and have to be considered.

Accordingly, the motion of appellant-defendant for rehearing should be denied. The denial, however, should be without prejudice to any right he may have to litigate the question of an accounting from appellee-plaintiff, in whatever forum he determines is the appropriate one for the maintenance of any such suit.

It thus results that both motions are to be denied.

It is so Ordered.

SADLER and McGHEE, JJ., concur.