330 P.2d 964

The STATE of New Mexico ex rel. J. P. (BUM) GIBBINS, Inc., and Employers Casualty Company, Relators,

v.

DISTRICT COURT of the FIFTH JUDI-CIAL DISTRICT of the State of New Mexico, WITHIN AND FOR LEA COUN-TY, New Mexico, and The Honorable John R. Brand, District Judge of the Fifth Ju-dicial District of the State of New Mexico in and for Lea County, New Mexico, Re-spondents.

No. 6465.

Supreme Court of New Mexico.

Oct. 16, 1958.

Neal & Neal, Hobbs, for relators.

Howell Spear, Lovington, for respondents.

LUJAN, Chief Justice.

The relators seek by prohibition to restrain John R. Brand as a Judge of the Fifth Judicial District, within and for Lea County, from holding a hearing in a compensation case, wherein the claimant in said cause has filed an application for medical and surgical treatment, until such time as a judicial determination has been made of whether or not the employer of the claimant is obligated to pay compensation, as provided by the provisions of the New Mexico Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq., to the claimant. Upon the filing and reading of relators' petition herein we authorized the issuance of an alternative writ and the matter is now before us for final hearing. The material facts are as follows:

In cause No. 16,483 on the docket of the district court of Lea County, New Mexico, A. J. Blunt, as plaintiff, instituted an action for compensation under the Workmen's Compensation Act of this state, against relators for an injury alleged to have been sustained by accident arising out of and in the course of his employment while working for his employer, J. P. (Bum) Gibbins, Inc., relator in this cause. Relators filed an answer to the claim denying that A. J. Blunt suffered an accident and injury arising out of and in the course of his employment.

A jury trial was requested by the claimant for the purpose of determining all the issues in the case. Thereafter the claimant filed an application for additional medical and surgical expenses in which he requested the district court of Lea County to enter an order directing relators to furnish medical and surgical services in the amount of $1,500. Relators filed a response to said application in which they denied that they were obligated to furnish medical and surgical treatments, or were obligated for compensation under the Workmen's Compensation Act. Relators denied that claimant suffered an injury by accident, and alleged that they were entitled to have the issue of liability for compensation benefits determined by a jury, the claimant himself having demanded a jury trial. The district

court entered an order setting a date for hearing by the court upon the application for additional medical and surgical treatment, this hearing admittedly to be held prior to the finding of *any* liability by the jury.

The parties stipulated that the services which were sought by the claimant would exceed the statutory amount of $700, but relators deny responsibility for compensation or medical benefits.

Counsel for relators contend that the employees of an employer, covered by the provisions of the Workmen's Compensation Act, are entitled to medical and surgical treatment *only* when the injury suffered would entitle them to compensation under said act, and that claimant's injury was not such an injury.

We are of opinion, and so hold, that the medical and surgical treatment which the employee is entitled to receive by Section 59–10–19 of the Workmen's Compensation Act is incidental to and a concomitant part of a compensable injury for which the employer is liable under the Act; and the employer is only liable for such services where the employee would be entitled to compensation.

It is our conclusion that prior to the acknowledgment of liability by the employer or a determination thereof in a court proceeding the district court is without power to compel the employer to furnish medical, surgical and hospital services to his employees.

For the reasons stated, the alternative writ will be made absolute.

It is so ordered.

SADLER, McGHEE, COMPTON and SHILLINGLAW, JJ., concur.