349 P.2d 121

**Owen C. PATE, Plaintiff-Appellee,**

v.

**MAKIN DRILLING COMPANY, Employer, and United States Fidelity and Guaranty Company, Insurer, Defendants-Appellants.**

No. 6534.

Supreme Court of New Mexico.

Feb. 2, 1960.

John Quinn and Kermit Nash, Hobbs, for appellants.

L. George Schubert, Hobbs, for appellee.

COMPTON, Justice.

The employer and its insurance carrier appeal from an order of the District Court of Lea County awarding medical and surgical benefits to the appellee under the provisions of the New Mexico Workmen's Compensation Act, § 59–10–1 et seq., 1953 Comp.

Appellee's application for medical and surgical benefits alleges that he was employed by appellant, Makin Drilling Company of Hobbs, and sent to work in an oil field in Texas where he sustained serious injuries on the job. According to the undisputed statement of the facts, appellee was hospitalized for the injuries sustained and the appellants paid him compensation under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., until the expiration of such benefits, after which he filed this application for medical and surgical benefits in New Mexico. Appellants denied any liability for compensation under the New Mexico Act and resisted the application, asserting the court was without jurisdiction to grant medical and surgical benefits under the New Mexico Act until the question of appellee's right of recovery under the New Mexico Act had been judicially determined. From the court's order granting such benefits, this appeal is taken.

Appellee first moved to dismiss the appeal but argument on the motion was consolidated with arguments on the merits in this court. Appellee's motion to dismiss alleges that the lower court's award of medical and surgical benefits under our Workmen's Compensation Act is merely an interlocutory order rather than a final order, judgment or decision from which an appeal may be taken under Supreme Court Rule 5, § 21–2–1(5), 1953 Comp. We first dispose of this motion.

Our Supreme Court Rule 5(2) provides for the allowance of appeals:

"Appeals shall also be allowed by the district court, * * * in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision. * *"

Should appellants be forced to pay such medical and surgical benefits, such payment would unquestionably be final. It is obvious, therefore, that the order of the court requiring payment by the appellants of medical and surgical benefits would practically dispose of the merits of the action. Any further proceeding therein would be only to carry it into effect. It follows, this appeal from the order is properly taken.

To dispose of the merits of the case, we turn to our recent decision, State ex rel. J. P. (Bum) Gibbins, Inc. v. District Court, 65 N.M. 1, 330 P.2d 964, 965. The Gibbins case presents a very similar fact situation except that it came before us on a writ of prohibition to restrain the district judge from holding a hearing upon the question of medical and surgical benefits when the employer denied an accident and injury arising out of and in the course of employ-

ment. Such denial was, in effect, a denial of liability under the New Mexico Workmen's Compensation Act, such as we have here. The writ was made absolute in that case, Chief Justice Lujan speaking for the court said:

"* * * the medical and surgical treatment which the employee is entitled to receive by Section 59–10–19 of the Workmen's Compensation Act is incidental to and a concomitant part of a compensable injury for which the employer is liable under the Act; and the employer is only liable for such services where the employee would be entitled to compensation."

We hereby reaffirm the conclusion announced in that case that:

"* * * prior to the acknowledgment of liability by the employer or a determination thereof in a court proceeding the district court is without power to compel the employer to furnish medical, surgical and hospital services to his employees."

■ Appellee requests this court to fix fees for his attorney in representing him on this appeal. The recovery of compensation is a prerequisite to the allowance of attorney fees and his request must now be denied. Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524.

For the reasons stated, the order of the court below is reversed and the case is re- manded for further action not inconsistent herewith.

It is so ordered.

McGHEE, C. J., and CARMODY and MOISE, JJ., concur.

CHAVEZ, J., not participating.