387 P.2d 327

Jake SCOTT, Plaintiff-Appellee,

v.

TRANSWESTERN TANKERS, INC., Employer, and Travelers Insurance Co., Insurer, Defendants-Appellants.

No. 7295.

Supreme Court of New Mexico.

Nov. 26, 1963.

White & Musgrove, Farmington, for appellants.

Webb & Beavers, Farmington, for appellee.

COMPTON, Chief Justice.

This appeal is from a judgment awarding total permanent disability under the Workmen's Compensation Act.

The appellee allegedly suffered accidental injuries to his leg, neck and teeth while employed as a truck driver for the appellant employer. It is admitted that the accident arose out of and in the course of the employment, but the extent of those injuries and the disability resulting therefrom is disputed.

The court found that as a result of the neck injury the appellee was and is now totally disabled from performing his usual duties as a truck driver or any other type of manual labor; that appellee's teeth were so damaged in the accident that it was necessary to remove them; and that appellee should be reimbursed for medical expenses incurred by him. Appellants challenge the sufficiency of the evidence to support the findings.

The history of appellee's medical treatment and compensation payments following the accident and injury is briefly reviewed here. After the accident, which occurred on November 3, 1960, appellee was sent to the employer's company doctor, a Dr. Baker, who splinted his left arm, treated the inside of his mouth where it had been cut, observed that his teeth were loose, and x-rayed his back. Dr. Baker gave appellee heat treatments for his back every day except Sunday for about six weeks or until the middle of December, 1960. About November 25th Dr. Baker sent appellee to Dr. Rosalie, a dentist, who pulled his loose front teeth, upper and lower. Subsequently the dentist advised the appellant insurance company that appellee's remaining

teeth were still loose and, with its knowledge and permission, pulled them. The appellee testified that for two years prior to the accident he had not seen a dentist and his teeth had been in good condition. On December 15, 1960, Dr. Baker gave the appellee permission to return for a while to his home in Oklahoma.

From the time of the accident appellee had been receiving his weekly compensation check; however, upon arrival in Oklahome he was advised by the insurance company that it would deliver his current compensation check if he would sign a release as Dr. Baker had released him. Appellee refused the offer and did not receive the check. He returned to Farmington about January 1st, and to Dr. Baker, who recommended that he see a bone specialist. At the instance of the appellants, appellee saw Dr. Peterson in Albuquerque and Dr. Krauser in Durango, Colorado, both of whom recommended certain treatments, which appellants refused to authorize. The recommendations of a Dr. Hartz in Farmington were likewise refused by appellants. Appellee then returned to his home in Oklahoma. In the meantime his compensation checks had been started again, but in the middle of February, 1961, they were terminated. Thereafter, at the request of appellants, the appellee saw two additional doctors. About the middle of March, 1961, he went to Dr. Joseph, his family doctor, who gave him shots for headaches as well as therapy treatments and traction such as had been previously recommended by Drs. Peterson and Krauser. These treatments continued every day except Sundays and holidays from March 15, 1961 until shortly before the trial when appellee returned to Dr. Peterson on Dr. Joseph's recommendation that he see a specialist. It was at this time that Dr. Peterson hospitalized appellee and performed a discogram, the results of which furnished the basis for a substantial part of Dr. Peterson's expert testimony.

The rule is well established in this jurisdiction that in determining whether the findings of the trial court are supported by substantial evidence, the evidence, together with all reasonable inferences to be deduced therefrom, must be considered in the light most favorable to the successful party. Cochran v. Gordon, 69 N.M. 346, 367 P.2d 526. Thus viewed, we conclude that the evidence is ample to support the court's findings.

The appellants next contend there is no medical proof in the record by any medical expert or otherwise that the pulling of appellee's teeth was necessitated by the accident in question. Suffice it to say the evidence that appellee's teeth were knocked loose in the accident is uncontradicted and that the dentist to whom the appellee was sent by the employer's company doctor pulled all of his teeth with the knowledge

and at the suggestion of the appellants. Medical and surgical treatment is incidental to and a concomitant part of a compensable injury for which the employer is liable under the Act. State ex rel. J. P. (Bum) Gibbons v. District Court, 65 N.M. 1, 330 P.2d 964, and Pate v. Makin Drilling Company, 66 N.M. 402, 349 P.2d 121.

The further argument is made that there was no proof of the reasonableness of the medical services rendered the claimant by Dr. Joseph and approved by the court. Incidentally, Dr. Joseph's bill was $661.00 and, since there was no proof offered as to the reasonableness of his bill, the contention requires notice. While there is respectable authority to the effect that the burden is on a claimant to show the reasonableness of the services of a doctor, 58 Am.Jur. 807, "Workmen's Compensation," § 332, yet, we note even in personal injury actions in some jurisdictions proof of a bill from a doctor for services rendered is considered sufficient as prima facie proof of reasonableness. See Note 82 A.L.R. 1325. It does not appear that we have passed on the question previously but we are inclined to the view that the latter rule as thus applied in personal injury actions would be a wholesome rule in workmen's compensation cases and should be adopted by us.

Appellants make the point that the court erred in allowing attorneys' fees in the amount of $2,000.00 without first finding and determining whether benefits obtained by court proceedings exceeded those offered by the employer, citing § 59–10–23(D), 1953 Comp. The record fails to disclose that such an offer was made by appellants, and we find nothing in subsection D that requires an independent inquiry on the part of the trial court as to whether an offer of settlement has been made.

When it is determined by the court, from the evidence before it, that a claimant is legally entitled to benefits which have been refused him and a recovery thereof is allowed, the court is authorized under the statute to award attorney fees to the claimant. Lee v. United States Fidelity & Guaranty Co., 66 N.M. 351, 348 P.2d 271. The record here speaks for itself. The court having superior knowledge of the matter at hand, the award for the services of appellee's attorneys, though not supported by direct evidence, must stand. Garcia v. J. C. Penny Co. Inc., 52 N.M. 410, 200 P.2d 372. We note, however, that the trial court erred in making the award directly to the attorneys. The award should have run to the claimant and not to the attorneys. Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615

The judgment should be affirmed except as to the awarding of attorneys' fees. The cause is remanded for the entry

of a new judgment in this respect. The appellee is awarded the sum of $750.00 for the services of his attorneys in representing him on appeal.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.